UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOANDRY GARCIA and CASSANDRA
DRAKE, individually and as natural
guardians of AG,

      Plaintiffs,

v.                                Case No:   2:16-cv-168-FtM-38MRM

UNITED STATES OF AMERICA,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**[1]

Pending before the Court is the Unopposed Motion for Approval of Minor's Settlement (Doc. 48 (sealed); Doc. 50 (redacted)) filed on December 22, 2017 and January 8, 2018 respectively, and the Amended Unopposed Motion for Approval of Minor's Settlement (Doc. 54) filed on January 25, 2018.[2]  Based upon the filing of the Amended Unopposed Motion, the Court finds the original Unopposed Motions (Docs. 48 and 50) are moot and recommends that they be

---

[1]  Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2]  On January 24, 2018, the Court entered an Order (Doc. 53) requiring Plaintiffs to provide additional information as to the terms of the settlement.  Rather than supplementing the original Motions (Docs. 48 and 50), Plaintiffs filed an Amended Unopposed Motion, which included the additional information the Court requested.  Thus, the Court addresses the Amended Unopposed Motion and recommends that the original Motions (Docs. 48 and 50) be denied as moot.

denied as moot.  Plaintiffs state that the United States agrees to the relief sought in the Amended

Unopposed Motion.  (Doc. 54 at 5).

     In the Amended Unopposed Motion, Plaintiffs Yoandry Garcia and Cassandra Drake,

individually and as natural guardians of A.G., a minor request that the Court approve the

settlement between the United States and Plaintiffs with respect to the minor, A.G.  (Doc. 54 at

1).  Court-appointed Guardian Ad Litem, attorney Richard M. Marchewka, represents A.G., a

minor.  (Doc. 54-1 at 55-56).  Attorney Craig Stevens represents Yoandry Garcia and Cassandra

Drake, individually and as the natural guardians of A.G., and the United States is represented by

its counsel.  (*See* Doc. 1; Doc. 7).  For the reasons set forth herein, the Court recommends that

the Amended Unopposed Motion for Approval of Minor's Settlement (Doc. 54) be granted.

## I.    Background

###     A.    Allegations in the Complaint (Doc. 1)

     The facts as alleged by Plaintiffs in the Redacted Complaint (Doc. 1) filed on March 1,

2016 are as follows.  At thirty-nine (39) weeks of pregnancy, Cassandra Drake was admitted by

Alexander Gumiroff, M.D. and Heather Thomas, CNM to Gulf Coast Medical Center.  (Doc. 1 at

3 ¶ 9).  A.G. was delivered on August 14, 2014.  (*Id.*).  During labor, there were indications of

severe fetal distress.  (Doc. 1 at 3 ¶¶ 10-13).  Plaintiffs claim that a C-Section "should have been

performed at a minimum two hours or more prior to delivery at 10:12 p.m."  (Doc. 1 at 4 ¶ 14).

At no time did Heather Thomas, CNM request assistance from a physician.  (Doc. 1 at 4 ¶ 15).

A.G. suffers from numerous disabilities and medical problems including, but not limited to,

"permanent injuries due [to] hypoxic ischemic encephalopathy."  (Doc. 1 at 4 ¶ 18).  Plaintiffs

brought a claim for negligence against the United States under the Federal Tort Claims Act, 28

U.S.C. § 1346(b)(1).  (Doc. 1 at 2-3).

**B.      Procedural History**

Plaintiffs filed a Complaint (Doc. 1) on March 1, 2016.  The United States filed an Answer and Affirmative Defenses (Doc. 7) and then an Amended Answer and Affirmative Defenses (Doc. 37) on June 14, 2017.  Magistrate Judge Carol Mirando held a Settlement Conference on July 20, 2017 and facilitated a settlement of the case.  (*See* Doc. 42).  Thereafter, the parties filed a Joint Notice of Settlement (Doc. 43) and based upon this filing, District Judge Sheri Polster Chappell administratively closed the file, allowing the parties, *inter alia*, ninety (90) days to request to reopen the case upon a showing of good cause.  (Doc. 44).  On December 22, 2017, the parties filed an Unopposed Motion to Reopen Case for the Limited Purposes of Approving Settlement (Doc. 47).  On January 4, 2018, Judge Chappell entered an Order (Doc. 49) reopening the case for the limited purpose of the Court reviewing the settlement and referred the original Unopposed Motion for Approval of Minor's Settlement to the Undersigned.  On January 25, 2018, Judge Chappell referred the Amended Unopposed Motion to the Undersigned.

Against this backdrop, the Court addresses the issues involving approval of the settlement as to A.G., a minor.

**II.     Analysis**

Under Florida law, "[w]hen a settlement of any claim by or against the guardian, whether arising as a result of personal injury or otherwise, and whether arising before or after appointment of a guardian, is proposed, . . . the court may enter an order authorizing the settlement if satisfied that the settlement will be for the best interest of the ward."  Fla. Stat. § 744.387(1).[3]  Moreover, "[n]o settlement after an action has been commenced by or on behalf of

---

[3]  This case arises under federal law and Plaintiffs brought this action in federal court. Thus, arguably Florida law regarding the approval of a minor's settlement agreement is not binding.  *See Meyers v. United States*, No. 6:13-CV-1555-ORL, 2014 WL 5038585, at *2 (M.D.

a ward shall be effective unless approved by the court having jurisdiction of the action." Fla. Stat. § 744.387(3). The sole and very narrow issue for the Court to determine is whether the settlement is in the best interests of the minor and protects the minor. *Bullard v. Sharp*, 407 So. 2d 1023, 1024 (Fla. 4th Dist. Ct. App. 1981); *Nixon v. Bryson*, 488 So. 2d 607, 609 (Fla. 3d Dist. Ct. App. 1986).

As such, Plaintiffs submitted for the Court's review the Amended Unopposed Motion for Approval of Minor's Settlement (Doc. 54 at 1-5); the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (Doc. 54-1 at 1-21); The Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of [A.G.] (Doc. 54-1 at 22-54); and the Guardian Ad Litem's Report (Doc. 54-1 at 55-56). These documents set forth the precise and specific terms of the structured settlement entered into between the parties, who are all represented by counsel.

The Court begins its review with the monetary provisions of the settlement and then turns to the non-monetary provisions, while bearing in mind that the Court's only role is to review the settlement to determine if it is in the best interests of the minor.

---

Fla. Sept. 29, 2014). In a footnote in a similar case, however, the Eleventh Circuit cited to Fla. Stat. § 744.387(3)(a), stating, "Florida law requires court approval of all settlements involving a minor for the settlement to be effective." *Reed By & Through Reed v. United States*, 891 F.2d 878, 882 n.3 (11th Cir. 1990). Thus indicating that a federal court may follow state law to approve a settlement involving a minor. In the instant case, Plaintiffs request that the Court approve the settlement pursuant to Fla. Stat. § 744.387. (Doc. 48 at 1-2; Doc. 50 1-2). In similar circumstances, this Court has approved settlements involving minors by applying Florida law. *See Meyers*, 2014 WL 5038585, at *1; *Mochocki v. United States*, No. 3:15-CV-377-J-34JRK, 2017 WL 3701075, at *1 (M.D. Fla. May 10, 2017). These prior decisions persuade the Court to apply Fla. Stat. § 744.387 to the terms of the settlement here.

A.     **Monetary Provisions of the Settlement**

The Court finds the gross amount of the settlement, the amount of attorney's fees, and the amount of costs requested are fair, reasonable, and in the best interests of the minor for the reasons set forth below.  The gross amount of the settlement is $4,250,000.00 and the settlement proceeds are structured for payment as follows:

(1)     A portion to be paid to Yoandry Garcia and Cassandra Drake, individually and as natural parents of A.G. – after meeting certain contingencies;

(2)     A portion to be paid to fund the Reversionary Trust;

(3)     A portion to be paid to fund an annuity; and

(4)     A portion to be paid to Plaintiffs' attorney for attorney's fees not to exceed twenty-five percent (25%) of the Settlement Amount and all costs, expenses, and fees of this action.

(Doc. 54-1 at 2-5 ¶¶ 3(a), 3(a)(1), 3(a)(2)(a), 3(a)(2)(b)).  For approval of the gross amount of the settlement, the Court takes into consideration the agreement of all of the parties as to the amount of the settlement – especially the Guardian Ad Litem's acceptance of the settlement – and finds that the overall settlement amount is fair, reasonable, and in the best interests of A.G., the minor. (*See* Doc. 54-1 at 55-56).

Specifically as to attorney's fees, Plaintiffs' attorney requests fees in an amount not to exceed twenty-five percent (25%) of the settlement amount.  (Doc. 54-1 at 5 ¶ 3(a)(2)(b)).  Pursuant to 28 U.S.C. § 2678, "[n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title."  Thus, pursuant to this statute, attorney's fees in the amount not to exceed twenty-five percent (25%) of

the settlement proceeds falls within the statute's parameters and are arguably reasonable. Finally, as to costs, Plaintiffs request $76,278.75 in costs and expenses.  (Doc. 54 at 3). Plaintiffs attached a printout of their costs and expenses in this case.  The Court finds that the requested costs and expenses are reasonable based upon a review of the itemized information supplied and consideration of the nature of this case, the current posture of the case, the nature of the damages alleged, and the factual and legal issues in this case.  (Doc. 54-1 at 57-68).

> **B.**     **Non-Monetary Provisions of the Settlement**

Generally, the Court finds that terms and conditions of the Stipulation for Compromise Settlement and Release (Doc. 54-1 at 1-21) and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust (Doc. 54-1 at 23-54) are fair, reasonable, and in the best interests of A.G., a minor, based upon a careful review of these documents.  However, the Court highlights three (3) non-monetary provisions of the settlement for additional consideration.  First, the Court is fully informed that the settlement is contingent upon the approval of the United States Attorney General or the Attorney General's designee.  (Doc. 54 at 1; Doc. 54-1 at 2 ¶ 3(a); Doc. 54-1 at 11 ¶ 5(a)).  Second, the settlement is contingent upon the Court "expressly not retaining jurisdiction over the above-captioned action, this settlement, or the United States."  (Doc. 54-1 at 3 ¶ 3(a)(1)).  Third, after the parties meet all of the contingencies in the settlement, Plaintiffs "shall cause their attorney to file with this Court a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees."  (Doc. 54 at 4 ¶ 8).  The Court finds these specific provisions are fair, reasonable, and in the best interests of A.G., a minor, based upon a careful review of these provisions and of the documents submitted as a whole.

### III.    Conclusion

The Court finds that the Stipulation for Compromise Settlement and Release (Doc. 54-1 at 1-21) and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of [A.G.] (Doc. 54-1 at 22-54) are reasonable, fair, and in the best interests of A.G., a minor. Accordingly, the Court recommends that the presiding District Judge grant the Amended Unopposed Motion for Approval of Minor's Settlement (Doc. 54) and enter the proposed Order Approving Settlement on Behalf of Minor (Doc. 54-2 at 1-4).

**IT IS RESPECTFULLY RECOMMENDED:**

1)    That the Unopposed Motion for Approval of Minor's Settlement (Doc. 48 (sealed); Doc. 50 (redacted)) be **DENIED** as moot.

2)    That the Amended Unopposed Motion for Approval of Minor's Settlement (Doc. 54) be **GRANTED**.

3)    That the presiding District Judge find the Stipulation for Compromise Settlement and Release (Doc. 54-1 at 1-21) and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of [A.G.] (Doc. 54-1 at 22-54) are reasonable, fair, and in the best interests of A.G., a minor.

4)    That the presiding District Judge enter the proposed Order Approving Settlement on Behalf of Minor and, further, the United States be required to provide such in Word format.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 26, 2018.


_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.



Copies furnished to:

Counsel of Record
Unrepresented Parties