UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOANDRY GARCIA and CASSANDRA
DRAKE, individually and as natural
guardians of AG

       Plaintiffs,

v.                                    Case No:  2:16-cv-168-FtM-38MRM

UNITED STATES OF AMERICA,

       Defendant.
_____/

## ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR

This matter is before the Court for approval of the settlement between the United States of America and A.G., a minor, by and through Cassandra Drake and Yoandry Garcia, individually and as natural guardians of A.G. Plaintiff A.G. is represented by Guardian Ad Litem Richard Marchewka, Esq., her attorney of record, and Cassandra Drake and Yoandry Garcia, as her parents and natural guardians. Defendant United States of America is represented by its attorney of record.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 ("Stipulation") (Doc. 54-1 at 10-21) and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of A.G., a minor ("Reversionary Trust") (Doc. 54-1 at 22-54). The Court is informed of the terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States, and a dismissal of this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and with the Court expressly

not retaining jurisdiction over the above captioned action, this settlement, or the United States. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation and Reversionary Trust, are fair, reasonable, and in the best interests of A.G., a minor.

Accordingly, it is

**ORDERED:**

(1) The settlement, as set forth in the Stipulation and Reversionary Trust (Doc. 54-1-54), is **APPROVED**.

(2) Richard M. Marchewka, as Guardian Ad Litem of A.G., a minor, and Cassandra Drake and Yoandry Garcia, as parents and natural guardians of A.G. are authorized and required to sign the Stipulation, the Reversionary Trust, and any other documents necessary to consummate the settlement on behalf of A.G. and to provide any information and documents necessary to complete the purchase of annuity contracts and the establishment of the Reversionary Trust.

(3) The settlement amount of $4,250,000.00 (the "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation. Regarding the settlement check that will be made payable to the named Plaintiffs pursuant to Paragraph 3.a.(1) of the Stipulation, Plaintiffs shall endorse the settlement check over to their attorney to be deposited into the attorney's client trust account to be used to pay the attorney's fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement.

(4) Attorney's fees in this action shall not exceed twenty-five percent (25%) of the Settlement Amount and shall be paid as provided in the Stipulation. The Court

finds that the costs and expenses associated with the litigation are $76,278.75, and that such costs and expenses are fair, reasonable, and necessary.

(5) Such costs and expenses are **APPROVED** and are to be paid as provided in the Stipulation. Plaintiffs are legally responsible for all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. Plaintiffs, by and through their attorney, must satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare, arising from the subject matter of this action. Plaintiffs, by and through their attorney, shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

(6) Plaintiffs, upon final execution of the Stipulation and the Reversionary Trust and upon receiving notice from the United States Attorney's Office for the Middle District of Florida that the United States Attorney General (or the Attorney General's designee) has approved the settlement and it has received the check for the amount of the Upfront Cash set forth in Paragraph 3.a.(1) of the Stipulation, shall cause their attorney to file with this Court a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees. Upon entry of an order dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and the Court expressly not retaining jurisdiction over the above-captioned action,

this settlement, or the United States, the United States Attorney Office for the Middle District of Florida shall tender to Plaintiffs' attorney said Upfront Cash check.  Plaintiffs shall endorse the Upfront Cash check over to their attorney to be deposited in their attorney's client trust account to facilitate the disbursement of the Upfront Cash as authorized by the approving court.  Subject to the terms and conditions set forth in Paragraph 3.a. of the Stipulation, Plaintiffs' attorney shall distribute said Upfront Cash to the Plaintiffs after paying or resolving any currently known lien or claim for reimbursement or payment for which Plaintiffs have agreed to be legally responsible under the terms of the Stipulation.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of February 2018.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record